IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

VANESSA S. PHILLIPS,                                                PLAINTIFF,

VS.                                                 CIVIL ACTION NO. 2:07CV14-P-A

JASON E. HICKS, J&A MECHANICAL
INC., and ABC,                                                      DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants Jason E. Hicks and J&A Mechanical Inc.'s Motion to Exclude Testimony of Plaintiff's Experts [43]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

In their motion to strike, the defendants seek to exclude certain opinions of the plaintiff's treating physicians.

With regard to Dr. Jack Moriarty, the defendants move to exclude his opinion that although he opines that the plaintiff "is unlikely to require further surgical treatment," he "think[s] junctional disease is a possibility adjacent to her fused levels." He also states: "Presently, I don't see convincing evidence of that [junctional disease] in reviewing my chart but that is certainly a possibility in the future." The defendants argue that this is a speculative opinion that runs afoul of Fed. R. Evid. 702's requirement that medical opinions be of reasonable medical certainty. In response, the plaintiff argues that a motion to exclude this opinion is premature since Dr. Moriarty has not yet been deposed. The defendants counter that Uniform Local Rule 26.1(a)(2)(d) requires that party who designates a treating physician as an expert must "provide the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor" by the plaintiff's designation of experts deadline.

1

The discovery deadline passed on May 8, 2008. The plaintiff's deadline to designate experts passed on March 8, 2008. Uniform Local Rule 26.1(A)(2)(e) provides that "[a] party is required to supplement an expert's opinion in accordance with Fed. R. Civ. P. 26(e)." Rule 26(e) requires that supplementation must be accomplished before the deadline for pretrial disclosures – *i.e.*, the discovery deadline. Uniform Local Rule 26.1(A)(5) provides: "A party is under a duty to supplement disclosures at appropriate intervals pursuant to Fed. R. Civ. P. 26(e) and in no event later than the discovery cut-off established by the scheduling order." Thus, any additional opinions garnered from Dr. Moriarty during his deposition would be untimely. The only way for the plaintiff to have properly supplemented Dr. Moriarty's opinions would have been if she supplemented his "complete statement of all opinions to be expressed and the basis and reasons therefor" before the discovery deadline. This was not done. Accordingly, the defendants' motion to exclude any opinions by Dr. Moriarty regarding future medical procedures should be granted since his opinion regarding same in his February 1, 2008 letter are speculative and any additional opinions regarding future medical procedures given during his deposition would be untimely.

With regard to Dr. Rahul Vohra, the defendants argue that his testimony regarding the plaintiff's inability to pay for medical treatment should be excluded as irrelevant. In his March 3, 2008 letter, Dr. Vohra opined: "It is my opinion that she would do better functionally if we were able to initiate long-acting opiates in the management of her chronic pain. Specifically, a trial of fentanyl patch [sic] would be in order. *However, at this point secondary to her financial condition, this is not something she can pursue*." (emphasis added). The court concludes that Dr. Vohra's opinion regarding the plaintiff's financial condition is not relevant because such an opinion does not make the existence of a material fact more or less probable. Opinions regarding the plaintiff's

financial condition are beyond the appropriate realm of Dr. Vohra's position as a treating physician expert.

Accordingly, the defendants' motion should be granted in this regard as well.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants Jason E. Hicks and J&A Mechanical Inc.'s Motion to Exclude Testimony of Plaintiff's Experts [43] is **GRANTED**; therefore,

(2) The court hereby excludes any references by Dr. Jack Moriarty to future medical procedures; and

(3) The court hereby excludes any reference by Dr. Rahul Vohra to the plaintiff's financial condition.

**SO ORDERED** this the 17th day of June, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE